IN THE
TWELFTH COURT OF APPEALS
==========================
No. 12-15-00225-CV
==========================

FILED IN COURT OF APPEALS
12th Court of Appeals District

OCT 13 2015

TYLER TEXAS
PAM ESTES, CLERK

JUAN ENRIQUEZ,
Plaintiff-Appellant,

v.

BRAD LIVINGSTON, ET AL.,
Defendants-Appellees.

==========================
Appeal from the 369th District Court
of Anderson County, No. 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
==========================

APPELLANT'S MOTION TO REINSTATE APPEAL OR FOR
REHEARING OR RECONSIDERATION

TO THE HONORABLE JUDGES OF SAID COURT:

Juan Enriquez, Appellant, moves the Court to reinstate this appeal, or, alternatively, if a motion to reinstate is improper, to rehear or to reconsider the judgment entered September 30, 2015, averring as grounds the following:

I.

Appellant does not currently have direct access to the prison law library nor access to a telephone, so he is uncertain as to the course to follow to reinstate his dismissed appeal. The thrust of this motion, however, cannot be mistaken.

II.

The dismissal memorandum reflects the Court dismissed on incorrect facts.

First, the Court notes that "Appellant states further that, on July 15, 2015, he filed a 'motion to vacate and correct

judgment.' We have not been provided with a copy of this motion, but assume that Appellant is attempting to comply with Rule 306(a)(5)." Dismissal Memorandum, at 2. A copy of this motion to vacate and correct judgment was provided to the Court. It is listed in the Index to the Clerk's Record as #157. The motion is five pages long. It was filed on July 16, 2015, via the mailbox filing rule and filemarked July 24, 2015, by the district clerk.

Second, the Court states that it assumes Appellant is attempting to comply with Rule 306a(5), which is true, but Appellant did it by specific Motion for Nunc Pro Tunc Corrected Order filed September 21, 2015, via the mailbox filing rule. A Demand Prior to Mandamus was mailed to the trial court on September 30, 2015.

The Appellant on September 21, 2015, provided this Court with a copy of the Motion for Nunc Pro Tunc Corrected Order. Unfortunately, he mistakenly wrote No. 12-14-00016-CV as the number of the appeal, although he correctly designated the appeal was from the court lower court, namely, the 369th District Court, No. 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. The Appellant made the same mistake with the docketing statement. He has written the clerk of this court requesting her to provide the Court with copies of both the Advisory and the Docketing Statement.

The reason for the mistakes is that Appllant is currently in Administrative Segregation (since August 31, 2015) and then the unit went on lockdown September 10, 2015. Appellant was

### III.

The proof available in this case to establish that the clerk's notice of judgment was not received, and actual notice of the judgment was not acquired, within twenty days of the judgment's signing consists of (1) the postmarked envelope reflecting a date of July 1, 2015, and (2) the mailroom records of the Michael Unit which reflect no mail from the Anderson County District Clerk between April 21, 2015, and July 5, 2015.

### IV.

Assuming that notice of judgment was received July 1, 2015, a motion for new trial or to vacate judgment would be timely until July 31, 2015. The district clerk's record reflects the motion to vacate judgment was received by the clerk's office on July 24, 2015, which would make it timely and extend the time to file notice of appeal until September 29, 2015. Appellant's initial notice of appeal was filemarked September 14, 2015, and the Amended Notice of Appeal was received by this Court on September 24, 2015. Thus, notice of appeal is timely if Appellant did not receive notice of judgment until July 1, 2015.

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this appeal be reinstated pending an evidentiary hearing of Appellant's motion in the lower court for Nunc Pro Tunc Corrected Order pursuant to Rule 306a, §§ 1 thru 7, Tex.R.Civ.P. and that

the Court directs the trial court to set such motion for evidentiary hearing at an early an hour and date as possible to allow this appeal to proceed.

Respectfully submitted,

Juan Enriquez
227122
TDCJ-Michael
2664 FM 2054
Tennessee Colony, TX 75886

## Certificate of Service

I, Juan Enriquez, certify that a correct copy of the foregoing motion was served by placing same in the United States mail, postage prepaid, on October 5, 2015, addressed to Ken Paxton, Attorney General of Texas, P. O. Box 12548, Capitol Station, Austin, TX 78711.

Juan Enriquez

## Mailbox Rule Filing Verification

I, Juan Enriquez, certify that the foregoing motion was filed October 5, 2015, by placing same in the Institutional Mail System, first class mail, postage prepaid, addressed to Clerk, Twelfth Court of Appeals, 1517 West Front St., Suite 354, Tyler, TX 75702. Executed under penalty of perjury declaring the filing statements are true on October 5, 2015.

Juan Enriquez

CAUSE NO. 369-5019

| | | |
|---|---|---|
| JUAN ENRIQUEZ,<br>Plaintiff, | § | IN THE DISTRICT COURT |
| v. | § | 369TH JUDICIAL DISTRICT |
| BRAD LIVINGSTON, ET AL.,<br>Defendants. | § | ANDERSON COUNTY, TEXAS |

## PLAINTIFF'S DEMAND PRIOR TO MANDAMUS

TO THE HONORABLE BASCOM W. BENTLEY III,
JUDGE, 369TH JUDICIAL DISTRICT:

Juan Enriquez, Plaintiff, hereby demands that you act,
set for hearing, and rule on Plaintiff's pending Motion for
Nunc Pro Tunc Corrected Order served on you by mail on
September 21, 2015. Should you not set the motion for nunc
pro tunc corrected order by October 10, 2015, I shall seek
mandamus from the Twelfth Court of Appeals.

Respectfully submitted,

Juan Enriquez
227122
TDCJ-Michael
2664 FM 2054
Tennessee Colony, TX 75886

## Certificate of Service

I, Juan Enriquez, certify that a correct copy of the foregoing demand
was served by placing same in the United States mail, postage prepaid, on
September 30, 2015, addressed to Bascom W. Bentley, III., Judge, 369th
District Court, 500 N. Church Street, Palestine, TX 75801, and Ken Paxton,
Attorney General of Texas, P. O. Box 12548, Austin, TX 78711.

Juan Enriquez

## Mailbox Rule Filing Verification

I, Juan Enriquez, declare under penalty of perjury, that the foregoing
demand was filed September 30, 2015, by placing same in the Institutional Mail
System, first class mail, postage prepaid, addressed to Clerk, 12th Court of
Appeals, 1517 W. Front St., Suite 354, Tyler, TX 75702. Executed on September 30,
2015.

Juan Enriquez

227122
TDCJ-Michael
2664 FM 2054
Tennessee Colony, TX 75886
October 5, 2015

Ms. Pam Estes
Clerk
Twelfth Court of Appeals
1517 West Front St.
Suite 354
Tyler, TX 75702

Re: Case Number 12-15-00225-CV; Enriquez v. Brad Livingston
Trial Court Number: 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

Mistakenly designated as No. 12-14-00016-CV
Docketing Statement and Advisory to the Court

Dear Ms. Estes:

On September 21, 2015, I submitted for filing in
No. 12-15-00225-CV an Appellant's Advisory to the Court which
had a copy of a Plaintiff's Motion for Nunc Pro Tunc Corrected
Order and a copy of a letter to a Travis County Reporter.
I had the right trial court number of 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. Unfortunately,
I mistakenly designated the number in this court as 12-14-00016-CV.

I made the same mistake with a docketing statement mailed
prior to the Advisory.

Would it be possible for you to place copies of the
advisor and the Docketing Statement in the record of this case
where I wanted them filed? The trial court number was correctly
cited.

Your help in this matter will be greatly appreciated.

If you are not permitted to do as I requested, would you
be able to place a notation in the record of this case that
these instruments were filed in No. 12-14-00016-CV.

Very truly yours,

Juan Enriquez

cc: Ken Paxton